GEORGE WESTON *versus* JOHN B. ALLEY *& als.*

The owners of a certain tannery appointed an agent to act for them in "all matters and business relating to the tannery;"—*held,* that he was not thereby authorized to bind his principals, as receipters to an officer, for horses, &c., used in the tannery which had been attached as the property of a third person.

REPORTED from *Nisi Prius,* by APPLETON, J.

ASSUMPSIT on two receipts given the plaintiff, which were signed thus :—"A. Webb, agent for Alley, Choate & Cummings."

Defendants denied Webb's authority to bind them by his signature as aforesaid. The evidence upon this point of authority, was as follows : —

*Daniel Lord.*—I know Webb, also defendants. Defendants carry on a tannery at Lowell, Maine, but reside in Massachusetts. Webb acts as their agent—buys bark—hires and discharges men, and does all the business pertaining to manufacturing—contracts for bark by the cord to be hauled —contracts to buy—has teams under his direction. Defendants have frequently been there since Webb was in charge.

The bark, when attached, was in No. 2, then Hancock county, 75 rods from Lowell. The team, horses and shingles, when attached, were at the tannery in Lowell. The horses were in defendants' stable when attached; shingles were near the tannery. After the horses were receipted for, they were used in defendants' teams. The bark was taken, after the receipt, to the tannery and used there.

*A. Webb.*—I was the authorized agent of defendants. Had a written, and no other, authority, as follows :—

"Lowell, Dec. 12, 1857.

"We hereby authorize Alexander Webb to act for us as our agent in all matters pertaining to the tannery in this place, and all business pertaining thereto.

"Alley, Choate & Cummings."

Weston *v.* Alley.

The horses, when attached, were in my possession. I claimed them to be defendants' property, and supposed they were.

It appeared that said articles were attached on 18th February, 1858, as property of Harrington & Russell, and the receipts were given on same day in the usual form.

Upon this evidence, the presiding Judge ordered a nonsuit, which was to be taken off, if the full Court should hold the ruling to be erroneous.

*Peters*, for the plaintiff.

*Rowe & Bartlett*, (with whom was G. Kent,) for the defendants.

The opinion of the Court was drawn up by

APPLETON, J.—This is an action upon a receipt given the plaintiff, a deputy sheriff, for horses and bark attached by him on a writ in favor of *Hinckley & Egery* v. *Harrington & Russell*, and signed A. Webb, agent for Alley, Choate & Cummings. The defendants deny the agency of Webb to sign receipts for them, and the question is, whether they are bound by his act.

The defendants are merchants, residing in Massachusetts, and owning a tannery in Lowell, in this county. The only authority under which Webb acted, or claimed to act, is in these words :—

"Lowell, Dec. 12, 1857.

"We hereby authorize Alexander Webb to act for us as our agent in all matters pertaining to the tannery in this place, and all business pertaining thereto.

"Alley, Choate & Cummings."

The property receipted for consists of horses and bark. It does not appear to whom the horses belonged. They had been used in the tannery, and the agent supposed they belonged to his principals. Whether they did so or not, is uncertain. They were attached as the property of Russell & Harrington. The agent of the defendant was clothed

with limited powers. His agency was restricted to "all matters relating to the tannery in this place and to all business relating thereto." Now, receipting for goods attached is not a matter relating to the tannery nor to the tanning business. If the agent could make the defendants, residents of another State, bailees in this instance, he might in all, and the defendants would soon find they had ample business to attend to beside the tannery and business thereto pertaining.

If the horses belonged to Harrington & Russell, Webb was not agent to receipt for them, and thus bind his principals in another jurisdiction. That they had been used before this, or were then needed, does not alter the principle. The tannery business would require laborers for its various operations, but if one of them had been arrested, Webb was not authorized to bind them as bail by signing their names to a bail bond. If the horses were Harrington & Russell's, the agent had no more right to receipt in the name of his principals for their goods, though used in the tannery, than to become bail for their laborers in the same business. The defendants had conferred on their agent no authority to become bail for all who might be arrested, whether their servants or not, nor bailees of the officer for whatever might be attached, no matter to whom it might belong, nor where it had been used.

If the horses attached belonged to these defendants, of which there is no proof, the agent had no authority to jeopard their rights by receipting for them as attached, in a suit between other parties. *Drew* v. *Livermore*, 40 Maine, 266. The attachment, in such case, would be a violation of their rights, to which the agent should give no sanction. He was agent for no such purpose.

The bark was in Hancock county when attached. There is no evidence that the defendants ever had any interest in the bark, nor that the defendants were ever aware of the doings of their agent in the premises. There is no pretence of subsequent ratification. The case rests entirely in pre-

cedent authority. The authority conferred gave no authority to the agent to become general bailees for the sheriffs and deputy sheriffs of the counties of Hancock and Penobscot.

*Exceptions overruled.*

TENNEY, C. J., RICE, CUTTING and MAY, JJ,, concurred. KENT, J., did not sit in this case, having been of counsel.